Good morning, your honors. Lisa Pickering on behalf of the petitioner Felix Lopez. May it please the court, I would request one minute of time for rebuttal. Mr. Lopez's asylum application should have been considered by the immigration judge. Although he is not a member of the Mendez Rojas class lawsuit litigation, the same reasoning for the class determination would apply to Mr. Lopez, because while he was in detention, he was never advised of the legal requirements to file asylum within the one year. This would constitute an exceptional and extraordinary circumstance to the one year filing deadline. The immigration judge was erroneous in failing to review his asylum claim. So Ms. Pickering, could I get, you know, we sent out the focus order, and I had some specific questions. On the adverse credibility determination, I mean, hopefully you had a chance to review those, but I just kind of hoping to go down with both sides, and get an answer to those questions. What is your position on whether the adverse credibility determination is a factual finding? Or is it something else? I believe it is a factual finding. Substantial evidence review for the court is a factual determination. So then the follow up to that is that, do you, what do we do if the BIA does not directly rely on a factual finding like that, or on an adverse credibility determination? How does that influence our review? Is it something that we cannot review? Is it something that's still in the record that we can review, trying to figure out what we do with an adverse credibility determination? It is confusing, whereas in this case, the board seemed to adopt the judge's credibility finding, but they never really addressed it. They were kind of wishy washy on which determinations they were adopting or making their own determinations. I think that the court can look to the judge's credibility determination to determine and use the substantial evidence test or review to look at the judge's findings. And in this case, those credibility determinations were not supported by the record. Okay, now that answers my questions to you. I'll have some of the questions. The government's on notice. They'll have some questions for the government. Go ahead and continue. Thank you so much. I would say that neither the board nor the judge's credibility determinations were supported by substantial evidence. And the board held that the judge's credibility determination during a removal proceeding may not rely on statements made by the applicant during less formal proceedings. Thus, in this case where the immigration judge compared the respondent's statements made during the credible fear interview to the asylum declaration and testimony is reversible error because in a case like this, it is not determined or the purpose of that is not to elicit all of the information regarding applicants fear just to get to a baseline level of is there a substantial case or not. Additionally, the immigration judge erred when he cherry picked statements made in the credible fear interview, but did not address the fact that the officer asylum officer did find that there had been a credible fear of torture found. So that was any of this properly before us. I mean, the BIA did not rule on the adverse credibility finding. It ruled on other grounds. But that was the the respondent or the applicant, Mr. Lopez did brief that to the board, the credibility determination significantly and debrief it to this court. So I do think that it is before the court. Well, it's true. You've you've raised it. But I'm asking that the BIA did not address it. And the government in a footnote says that's not part of the BIA's decision. I think the BIA has an obligation to either make a statutory credit or the BIA is under an obligation to either expressly adopt the judges credibility finding and to address the credibility finding. Well, I don't think that's true. I mean, we've never said in fact, I think we've said the opposite that the BIA does not need to address everything the IJ says. The BIA needs to determine if it finds their basis for denying relief, which it did here on a whole bunch of other grounds, it doesn't need to address a series of additional grounds that might that might bear on the case. So that the board was saying that there was no nexus and so they didn't have the board said no nexus, no particular social group untimely, no, no reasonable fear of persecution, no likelihood of torture. I mean, those are all independently sufficient grounds on which to dismiss the appeal at the BIA level. Correct, but in terms of the withholding, they did need to make a determination of that because even if they found he wasn't eligible for asylum, they would need to make a determination as to withholding. Incredibility. But they did. I mean, they did. They ruled on withholding. They said no nexus. Well, our position is that there was a nexus to cognizable social groups and also, under the Convention against torture, there was a claim made on that as well. And that the board erred in saying that because he did not make a or the judge erred in saying that he didn't make a police report that he's not eligible for withholding or count. Can I ask a question that is there anything that you would cite to in the record that shows it would have been meritless for him to make a report to the police? He does testify, let me see if I can find the site, that he did not believe the police would help because he testified on several occasions that the police in his area report to and are in cahoots with the gang members. Yeah, I was thinking that there had been country condition reports that the Salvadorian government was taking action against the gangs. And I was wondering if you had anything else. The respondent's testimony was that the police in his area are being paid by and working with the gangs. And I don't think that Okay, we're back to his testimony. Yes, but I don't think that the documentary evidence would rebut that. Okay. You want to save some time for rebuttal? Yes, thank you. Thank you. May it please the court. I'm Duncan Fulton for the Attorney General. The agency properly found multiple dispositive basis on which petitioner failed to establish asylum. All focus on three bases, the one year bar, insufficient nexus and inadequate showing of the unwilling or unable requirement. After discussing these grounds, and I'll try to be brief because I do want to save time to discuss the adverse credibility questions posed by Judge Van Dyke. First, as to the one year bar for asylum, substantial evidence supports the agency finding petitioner does not dispute that he failed to file within one year and he does not cite authority of this court to support the claim that he should be excused from that requirement. Likewise, before the immigration judge, he conceded he was ineligible for asylum under the one year bar. So he had the burden to show extraordinary circumstances and he did not make that showing. We've cited a number of cases in our brief about delay, ignorance of the law that I think are right on point for petitioners claim now that he did not have notice of the one year bar. So he did not make that showing and a record does not compel the contrary finding. Moving on to the merits, substantial evidence supports the agency's valid no nexus finding, which was dispositive for asylum and withholding of removal as your honor, Judge Ress pointed out. The record does not compel a finding that a protected ground was a reason motivating the opportunistic extortion. The immigration judge's motive finding here, which was properly relied upon by the board, is that the evidence in this case showed the criminals extorted Mr. Lopez in order to unlawfully enrich themselves. That's AR 85, where the immigration judge so finds. It's well established that a desire for enrichment does not constitute a protected ground in this money based motive is well supported by the record. Petitioner testified, for instance, that the reason for the extortion was quote unquote money. That's AR 124 to 25, also 127 and 154. So although petitioner claims the gang was motivated by something else, such as power, he does not cite evidence for that motive, and he also does not show that that would be a motive. The Supreme Court has made it clear in Elia Sikorias that if an applicant does not show a protected trait was a motive, then the nexus analysis stops right there. There's simply no nexus. So here the record does not compel a contrary finding on nexus. As to the unwilling or unable element, which again was dispositive for the board's ruling, so that's another independently dispositive ground. Even though petitioner does not challenge that issue, the evidence does not compel a contrary finding to that made by the agency that he did not show the unwilling or unable requirement was met. This court has applied the same standard for unwilling or unable before and after matter of AB1. I'd point the court to Bringas Rodriguez and Velasquez Gaspar cited in our 20AJ letter. So here the agency properly found that Mr. Lopez did not show a government inability to protect. He first, and there's two reasons for this cited by the agency. First, he admitted in his testimony that he did not file a police report. At first he said he did, but after that and there was some additional questioning, he repeated multiple times that actually he did not file a police report. So that's 137 to 142 in 174. And also relevant to Judge Rastani's question earlier, there's another ground here that the immigration judge found that the El Salvadorian government was taking steps to curb gang violence and it was not ignoring it. The immigration judge cited the record at 229 to 230, which includes the 2016 State Department Human Rights Report for El Salvador, which shows that the police acted against gang members. They stopped them in suspected gang neighborhoods and the president authorized military use in those two factors support the agency's ruling, which in the record does not compel a contrary finding. Now, finally, I'd like to discuss the adverse credibility finding and I'll go through Judge Van Dyke's questions, but at bottom, this court cannot consider the adverse credibility finding under well-established law, including the Supreme Court's INS Viu Ventura ruling. It's simply outside the scope of the final agency decision, which here is the board ruling. And court is limited to the board ruling, except to the extent the immigration judge's decision impacted it. So here, because the board declined to use the adverse credibility finding as a ground for the final agency decision and instead ruled on the alternate merits analysis, we can infer that the board assumed arguendo petitioner was credible. That's what it says it's doing at note two of the board decision on page five of the record. So this posture is different from one where the adverse credibility finding here, the adverse credibility finding is not part of the final agency decision under review. Let me ask you about that. So I think I have, I understand where you're coming from, because do you agree that an adverse credibility determination is a factual finding in the record? Yes, Your Honor, it is a factual finding. I would say that that's different, though, than evidence here. So it's a finding. And even if it remains in the record, it's not one that was based upon by the board. So yeah, but let's take this sequentially, because when you say it's not evidence, I mean, essentially, what is an adverse credibility determination? Do you agree? It's I mean, to me, it seems like it's the finder of fact, the immigration judge concluding that somebody is dishonest enough or not their, you know, what they've said. In fact, you can't trust what they've said about other things that aren't even related to the stuff that they were dishonest about. That's the whole point of it. Would you agree that that's basically what an adverse? Yes, I would, Your Honor. And so that seems to be a factual finding, because it's basically a factual finding that you're a dishonest person, or, you know, that's why we call it an adverse credibility determination. So the odd thing to me that I'm struggling with is if it's a factual finding, and it's a factual finding by the finder of fact, the fact that the appellate body, the BIA, in this instance, didn't rely on it. Our case law is very clear that we can rely on that we are not limited to the evidence, the factual findings that the BIA relied on in reviewing that ground. That's why we review the record as a whole. Would you agree with that? So let's say, let me give you a hypothetical. Let's say there's five pieces of evidence that in theory would support something that the BIA is affirming the IJ on, but the BIA only relies on two, because it thinks that two is enough, the two pieces. It never addresses the three, but the other three are facts in the record. When we review that, what do we, do we review just the two from the BIA? Is that the ground of the BIA's decision, or do we review, I think we would review all five, correct? And we could not conclude that the record as a whole compels a different conclusion unless the evidence in the record as a whole compels an evidence, compels a... Well, your honor, I believe I would see it differently. I think we, in that situation, would be limited to reviewing the two bases on which the board ruled, because that is the final agency decision. And the substantial evidence standard as I see it is somewhat, that's a different issue than the Ventura rule, which says that, you know, that the court is limited to the grounds of the final agency decision. So we can only look at what the board ruled upon here. So, and to your honor's earlier question, what do we do with an adverse credibility finding, for instance? It's really important. This is why I want to, because I agree that we are limited to the ground, that our case law is clear. I think our, do you agree, I mean, are you familiar with our case law that says that we are not limited to only those facts in the record that the BIA relied on? So our case law seems to draw a distinction between evidence versus grounds, because, you know, Ramirez, Villapando versus Holder, the 2011 case, says that does not mean, however, that our review may consider only evidence expressly identified in the BIA's decision. I think, yes, I agree that's accurate, your honor. But the difference is, you know, for example, under the substantial evidence standard, the evidence must compel a contrary finding. And under the 1252 jurisdictional statute, it says that we have to hold administrative findings of fact that are conclusive. So we're here, the board assumed argument of the petition was credible, that adverse credibility finding is not conclusive in the meaning of the substantial evidence standard. Well, it would be conclusive going the other way, right? Like, what I'm trying to figure out is for your, for Ms. Pickering, for her to make the argument that the record compelled a different conclusion, I'm trying to figure out if she has to overcome the adverse credibility finding. That's actually what she's trying to do here. She's saying the adverse credibility finding itself is not supported by substantial evidence. But I think you're saying that she wouldn't even need to do that. It's kind of, we have the weird. Yes, and I think, you know, in this case, the adverse credibility finding, I think, was because the petitioner testified in a lot of different ways here. But ultimately, I think the answer is, if you accept any version of the events that petitioner testified to, if we accept those that true for the purposes of just assuming those arguendo, under any version, he fails on nexus, he fails on unwilling and able. So for that reason, the board found there was no reason to decide that unnecessary issue. Well, can I, Judge Bryce, can I? That's true. The board concluded that. It's sort of like the board concluded that it did not need to. Basically, what the board did is it said, we'll assume that what this guy said was true and he still loses. But it's a little odd. I mean, that is the harder way to decide this case, right? In a sense, like, it's a harder way. It's certainly harder for us if we have to say, well, we're going to assume the person's true, even though we have this factual conclusion in the record that the person isn't true. It makes it harder for us. All the issues, all the grounds of the board's decision would seem to me to be very easy if this person's credit testimony is not true and essentially knocks out all their testimony. Would you agree to that, that this is a very easy case if none of this petitioner's testimony is even in the case because it's not credible? I think it's possible the board could have gone that route, but ultimately that's not what the board did. And I think the board chose this path because even if we assume credible, there are multiple dispositive bases that are strongly against his claims. Sounds like we may have a different view, but let me just ask you one last question so we can eliminate an IJ's factual finding. By that I mean, can the board just silently get rid of a factual finding that's in the record? Well, I think it depends on the nature of the case. And in this case, because there were independent bases, the board implicitly found that it did not need to take up the average credibility finding because of these independent bases. So just to be clear, your position is that the board can sort of silently, without ever addressing an issue, decide that something is clearly a factual finding. What is the standard that the board applies in reviewing factual findings? What's the standard? It's clear error. So you're saying the board can sort of implicitly conclude that a factual finding is clearly erroneous? Well, you said silently a moment ago. I want to clarify that if you look at footnotes two of the board's decision, it says what it's doing here. It says that the board is not considering alternate bases, which we can infer means the adverse credibility. So are you saying that we should read that as finding that the adverse credibility termination was clearly erroneous? Is that what you're saying? No, I'm not saying that. I'm saying that the board found it didn't need to resolve that. Right. Okay. So I get it. So if the board doesn't address it, the question is what happens with a fact in the record that the board doesn't address? And that's why I'm asking you, should we assume that it's gone because it was implicitly found to be clearly erroneous? Or should we assume that it's still there and the board just didn't rely on it? No, I don't think we should assume it's gone. It's still part of the record. However, if this court found there was reason to take up the adverse credibility finding under Ventura's ordinary remand rule, the proper course would be to remand for the board to then make a final decision on whether or not the adverse credibility. And just to be clear, your position on that is driven by the fact that you see the adverse credibility determination as a quote unquote ground of the decision, not as evidence that goes to a ground decision. Is that why you're making is that your basis for saying that? No, it's not a ground of the board's decision. It was a ground of the immigration judge's decision. No, what I'm saying is if the board had, I mean, have you ever seen an opinion from the board that says you are not found credible? That is the ground of our decision. That is the basis of our decision. You know, not saying you aren't found credible. Therefore, you can't make out nexus. You aren't found credible. Therefore, you can't show a reasonable fear of future harm, right? Just saying you are not found credible. That is the ground of our decision. I don't think I've ever seen a case like that. They've always used that as evidence to then that feeds into the actual ground of the decision. I don't know that I've seen any of those specific words, but I I have seen board decisions where they have affirmed an immigration judge's denial solely on an adverse credibility finding and based on that, I would be curious to that because I've never seen without feeding that into actually some that would be a really that would almost be reversible error to just say you're not found credible. So therefore, we're not going to address the country conditions report or the other testimony IIII see your point there, but I guess my point is if an adverse credibility finding is accompanied with a lack of corroborative evidence, then there's by necessity of failure to meet the burden of proof and therefore you lose right and therefore you lose on whatever ground, whatever the ground of our decision, whatever the issue is nexus. The ground would be failure to to meet your burden of proof through corroborative evidence and credible evidence. So that's a separate. That's a separate determination of what the board did here where it You fail for nexus. You fail for unwilling or unable. You fail for failure. I think at least I have your argument and yeah, I think yeah. Okay. I want to thank you for your argument. Let's hear a rebuttal. Was there anything the court would specifically like addressed in the rebuttal? It's your opportunity to make any additional arguments that you like. I think I believe what the justices are or the court is saying is that if the board did not address it, should it still be considered as evidence to be ruled upon by this court and I agree that we're kind of in a position where we're switching and I'm trying to argue with the government. The oil Council is usually arguing. I think that in this case, the immigration decided judges decision should be considered and that the board's failure to address it dispositively or in a confusing manner should be means that the case should be remanded back to them for a more clear decision on what grounds the case was decided upon. I would submit on that. Thank you very much for your argument this morning. I want to thank both Council for the briefing and argument. The matter is submitted that concludes our court session today and we're adjourned.
judges: BRESS, VANDYKE, Restani